## UNITED STATES DISTRICT COURT
## DISTRICT OF CONNECTICUT

| | |
|---|---|
| KATHLEEN PITTMAN, | CIVIL ACTION NO.: |
| Plaintiff | 3:22-CV-1115 |
| v. | |
| BOMBARDIER RECREATIONAL PRODUCTS, INC. and BRP US, INC., | |
| Defendants. | SEPTEMBER 2, 2022 |

### NOTICE OF REMOVAL BY DEFENDANTS
### BOMBARDIER RECREATIONAL PRODUCTS INC. and BRP US INC.

**PLEASE TAKE NOTICE THAT** pursuant to 28 U.S.C. §§ 1332, 1441, and 1446, Defendants Bombardier Recreational Products Inc. ("BRP") and BRP US Inc. ("BRP US," and together with BRP, "Defendants") hereby remove this action from the Superior Court of Connecticut, Judicial District of New Haven, to the United States District Court for the District of Connecticut. The District Court has jurisdiction on the basis of diversity of citizenship. In support of this Notice of Removal, Defendant states the following.

### Procedural History and Plaintiff's Allegations

1. On August 5, 2022, BRP US first received a copy of the complaint filed in Connecticut Superior Court, Judicial District of New Haven, at New Haven, styled as *Kathleen Pittman v. Bombardier Recreational Products, Inc., BRP US, Inc.* (the "State Court Action").

2. The complaint was returned to the Connecticut Superior Court on August 9, 2022 under Docket Number NNH-CV22-6125715-S.

3.      Pursuant to 28 U.S.C. § 1446(a), true and correct copies of all process, pleadings, and orders in the State Court Action are attached hereto as Exhibit A, along with a docket sheet, which lists all counsel of record.

4.      The complaint alleges that Defendants are liable for injuries Plaintiff claims to have sustained when an instructor in a 3-wheel motorcycle training course in North Haven, Connecticut "suddenly and without warning, . . . grabbed and twisted her head."  (*See* Ex. A, Compl. ¶¶ 4-5.) Plaintiff claims that Defendants are liable for her injuries because they allegedly "owned, advertised, and solicited" this training course.  (*Id.* ¶¶ 3, 6.)

5.      Plaintiff alleges that, as a result of the instructor's assault, she suffered injuries to her cervical and thoracic spine, headaches, and soft tissue damage, "all of which were accompanied by great pain, suffering, and anxiety."  (*Id.* ¶ 7.)  Plaintiff further claims that she lost time from work due to her injuries and has been "unable to perform the normal pursuits of her household and everday life."  (*Id.* ¶¶ 8-10.)

## Grounds for Removal

6.      Pursuant to 28 U.S.C. § 1332, the District Court has jurisdiction on the basis of diversity of citizenship because the dispute is between the Plaintiff, a citizen of the state of Connecticut, and Defendants are citizens of Wisconsin, Delaware, and Canada; and the amount in controversy exceeds $75,000.

7.      Upon information and belief, and based on Defendants' reasonable investigation, Plaintiff resides and is domiciled in West Haven, Connecticut, near where she allegedly took the course that forms the basis for her claims.  Each state has different requirements for motorcycle training courses, and Plaintiff likely took a course in Connecticut because she resides there and would be riding the motorcycle there.  Plaintiff is therefore a citizen of Connecticut.

8.      Defendant Bombardier Recreational  Products Inc. is a corporation organized under the laws of Canada, and has its principal place of business at 726 St-Joseph, Valcourt, Québec, Canada. BRP is therefore a citizen of Canada.

9.      Defendant BRP US Inc. is a corporation organized under the laws of the state of Delaware, and has its principal place of business at 10101 Science Dr., Sturtevant, WI 53177.  Pursuant to 28 U.S.C. § 1332(c)(1), BRP is therefore a citizen of Delaware and Wisconsin.

10.     The complaint alleges multiple injuries and resulting damages arising from physical trauma to Plaintiff's head and neck, which include:

- "great pain, suffering and anxiety"

- "Injuries to the cervical spine"

- "Injuries to the thoracic spine"

- "Headaches"

- "Injuries to the contiguous muscles, ligaments, nerves, soft tissues, glands, bones and joints of the injured parts."

- "expenses for medical care and attention, including hospital care, surgery, physical therapy, prescriptions, and the like"

- expenses for future medical care

- past and future "lost time from her employment . . . to her future economic loss and detriment."

(Ex. A, Compl. ¶¶ 7-10.)  The complaint does not attempt to limit Plaintiffs' claimed damages to a particular amount, and Plaintiff asserts that the amount demanded exceeds $15,000, exclusive of interests and costs.  (*See* Ex. A, Statement of Amount in Demand.)  While Defendants dispute that Plaintiff is entitled to recover any amount from them, it cannot be said to a legal certainty that Plaintiff could not recover in excess of $75,000 for her claimed injuries.  *See, e.g., Betkoski v. Albini*, No. CV095012058S, 2010 WL 4352722, at *10 (Conn. Super. Ct. Oct. 8, 2010) (upholding jury award of

damages resulting from spine injuries "of $9,754.46 for past economic damages, $60,000 for future medical expenses, and non-economic damages of $180,000.00 for her physical and mental pain and suffering, diminished life enjoyment, and her neck permanency (for a total award of $249,754.46"). Accordingly, the allegations of the complaint establish that the amount in controversy exceeds $75,000. *See Tongkook Am., Inc. v. Shipton Sportswear Co.*, 14 F.3d 781, 785 (2d Cir. 1994) ("[W]hen a plaintiff is seeking unliquidated damages in a tort action, a district court should permit the case to proceed and not predetermine whether the plaintiff could recover the minimum statutory amount."); *Costello v. Wells Fargo Bank Nat'l Ass'n*, No. 16-CV-1706 (VAB), 2017 WL 3262157, at *8 n.3 (D. Conn. July 31, 2017), *aff'd*, 739 F. App'x 77 (2d Cir. 2018) ("[I]f the record 'is not clear to a legal certainty that []he cannot do so' the court ought not affirmatively decide that the amount in controversy requirement is not met (quoting *Deutsch v. Hewes St. Realty Corp.*, 359 F.2d 96, 101 (2d Cir. 1966))).

11.     Removal to this Court is appropriate pursuant to 28 U.S.C. § 1441(a) because the action was commenced in the Judicial District of New Haven at New Haven, which is located within the geographical boundaries of the United States District Court for the District of Connecticut.

## The Procedural Requirements for Removal Have Been Satisfied

12.     A notice of removal must be filed " within 30 days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based" regardless of when Plaintiff files a return of service.  28 U.S.C. § 1446(b)(1).

13.     Removal is timely under 28 U.S.C. § 1446(b) because this Notice of Removal is being filed within thirty (30) days after Defendant first received the initial pleading on August 5, 2022.

14.     Pursuant to 28 U.S.C. § 1446(b)(2), Defendants are the only defendants named in the Complaint; no additional consents of other defendants are required.

15.     Defendant will contemporaneously file a Statement detailing the service and citizenship of each party, as required by this Court's Standing Order on Removed Cases.

16.     After filing this Notice of Removal, Defendant will promptly serve this Notice of Removal on counsel for all adverse parties.

17.     After filing this Notice of Removal, Defendant will promptly file a Notice to State Court of Removal to Federal Court with the Superior Court of Connecticut, Judicial District of New Haven, at New Haven.  A copy of the Notice to State Court of Removal to Federal Court that Defendant intends to file is attached hereto as Exhibit B.

**<u>Non-Waiver of Defenses</u>**

18.     By removing this action from state court, Defendants do not waive any available defenses.  In particular, by removing this action, Defendants do not admit that they were properly served, that this Court, or the Superior Court of Connecticut, Judicial District of New Haven, at New Haven has personal jurisdiction over Defendants, or that Defendants are liable for any of the injuries or damages claimed in the complaint.

19.     By removing this action from state court, Defendant does not admit any of the allegations in the Plaintiffs' complaint.

WHEREFORE, Defendants hereby remove the litigation styled *Kathleen Pittman v. Bombardier Recreational Products, Inc., BRP US, Inc.*, filed in the Superior Court of Connecticut, Judicial District of New Haven, at New Haven under Docket Number NNH-CV22-6125715-S to the United States District Court for the District of Connecticut, and respectfully requests that this District Court assume exclusive jurisdiction of this action, entering such other and further orders as may be necessary to accomplish the requested removal and promote the ends of justice.

Respectfully submitted,

DEFENDANTS, BOMBARDIER
RECREATIONAL PRODUCTS INC. and BRP US
INC.

By:     /s/ *Christopher A. Klimmek*_____
        Christopher A. Klimmek, Esq. (ct29977)
        *cklimmek@daypitney.com*
        Hannah Kalichman, Esq. (ct31291)
        *hkalichman@daypitney.com*
        Day Pitney LLP
        242 Trumbull Street
        Hartford, CT 06103-1212
        Telephone:  (860) 275-0100

        *Their Attorneys*

## CERTIFICATE OF SERVICE

I hereby certify that on September 2, 2022, a copy of foregoing Notice of Removal and Exhibits A-B thereto was filed and served electronically upon the persons listed below.  Parties may access this filing through the Court's CM/ECF System.

Additionally, the Notice of Removal and Exhibits A-B thereto were served by electronic and first-class mail on Plaintiff's counsel of record at the following address:

William Wynne, Esq.
Adler Law Group, LLC
111 Founders Plaza
Suite 1102
East Hartford, CT 06108
*wwynne@adlerlawgroupllc.com*

                                /s/ *Christopher A. Klimmek*
                                Christopher A. Klimmek

**<u>EXHIBIT A</u>**
**<u>SUMMONS, COMPLAINT, RETURN OF SERVICE, AND STATE COURT DOCKET</u>**

| SUMMONS - CIVIL<br>JD-CV-1   Rev. 2-22<br>C.G.S. §§ 51-346, 51-347, 51-348, 51-350, 52-45a, 52-48, 52-259;<br>P.B. §§ 3-1 through 3-21, 8-1, 10-13 | For information on<br>ADA accommodations,<br>contact a court clerk or<br>go to: *www.jud.ct.gov/ADA.* | STATE OF CONNECTICUT<br>**SUPERIOR COURT**<br>*www.jud.ct.gov*  |
|---|---|---|

**Instructions are on page 2.**

- ☐ Select if amount, legal interest, or property in demand, not including interest and costs, is LESS than $2,500.
- ☒ Select if amount, legal interest, or property in demand, not including interest and costs, is $2,500 or MORE.
- ☐ Select if claiming other relief in addition to, or in place of, money or damages.

**TO: Any proper officer**
By authority of the State of Connecticut, you are hereby commanded to make due and legal service of this summons and attached complaint.

| Address of court clerk *(Number, street, town and zip code)*<br>**235 Church Street, New Haven, Connecticut 06510** | Telephone number of clerk<br>( )  − 203-503-6800 | Return Date *(Must be a Tuesday)*<br>**09/13/2022** |
|---|---|---|
| ☒ Judicial District      G.A.<br>☐ Housing Session  ☐ Number: ___ | At *(City/Town)*<br>**New Haven** | Case type code *(See list on page 2)*<br>Major: **T**      Minor: **90** |

**For the plaintiff(s) enter the appearance of:**

| Name and address of attorney, law firm or plaintiff if self-represented *(Number, street, town and zip code)*<br>**Adler Law Group, 111 Founders Plaza, Suite 1102, East Hartford, Connecticut 06108** | Juris number *(if attorney or law firm)*<br>**428826** |
|---|---|
| Telephone number<br>( )  − 860-282-8686 | Signature of plaintiff *(if self-represented)* | |
| The attorney or law firm appearing for the plaintiff, or the plaintiff if self-represented, agrees to accept papers (service) electronically in this case under Section 10-13 of the Connecticut Practice Book. ☒ Yes ☐ No | E-mail address for delivery of papers under Section 10-13 of the Connecticut Practice Book *(if agreed)*<br>**wwynne@adlerlawgroupllc.com** |

| Parties | Name *(Last, First, Middle Initial)* and address of each party *(Number; street; P.O. Box; town; state; zip; country, if not USA)* | |
|---|---|---|
| **First plaintiff** | Name:  **Kathleen Pittman**<br>Address: **215 Jeffrey Street, West Haven, Connecticut 06516** | P-01 |
| **Additional plaintiff** | Name:<br>Address: | P-02 |
| **First defendant** | Name:  **Bombardier Recreational Products, Inc, 726 Saint Joseph Street, Valcourt, Quebec, J0E 2L0 Canada**<br>Address: **c/o Connecticut Secretary of State, 165 Capitol Avenue, Suite 1000, Hartford, Connecticut 06115** | D-01 |
| **Additional defendant** | Name:  **BRP US, Inc. 10101 Science Drive, Sturtevant, Wisconsin 53177**<br>Address: **c/o Connecticut Corporation System, 67 Burnside Avenue, East Hartford, Connecticut 06108** | D-02 |
| **Additional defendant** | Name:<br>Address: | D-03 |
| **Additional defendant** | Name:<br>Address: | D-04 |

| Total number of plaintiffs: 1 | Total number of defendants: 2 | ☐ Form JD-CV-2 attached for additional parties |
|---|---|---|

**Notice to each defendant**

1. **You are being sued.** This is a summons in a lawsuit. The complaint attached states the claims the plaintiff is making against you.
2. To receive further notices, you or your attorney must file an *Appearance* (form JD-CL-12) with the clerk at the address above. Generally, it must be filed on or before the second day after the Return Date. The Return Date is not a hearing date. You do not have to come to court on the Return Date unless you receive a separate notice telling you to appear.
3. If you or your attorney do not file an *Appearance* on time, a default judgment may be entered against you. You can get an *Appearance* form at the court address above, or on-line at https://jud.ct.gov/webforms/.
4. If you believe that you have insurance that may cover the claim being made against you in this lawsuit, you should immediately contact your insurance representative. Other actions you may take are described in the Connecticut Practice Book, which may be found in a superior court law library or on-line at https://www.jud.ct.gov/pb.htm.
5. If you have questions about the summons and complaint, you should talk to an attorney.
   **The court staff is not allowed to give advice on legal matters.**

| Date<br>**08/04/2022** | Signed *(Sign and select proper box)* | ☒ Commissioner of Superior Court<br>☐ Clerk | Name of person signing<br>**William B. Wynne, Esq.** |
|---|---|---|---|

| If this summons is signed by a Clerk:<br>a. The signing has been done so that the plaintiff(s) will not be denied access to the courts.<br>b. It is the responsibility of the plaintiff(s) to ensure that service is made in the manner provided by law.<br>c. The court staff is not permitted to give any legal advice in connection with any lawsuit.<br>d. The Clerk signing this summons at the request of the plaintiff(s) is not responsible in any way for any errors or omissions in the summons, any allegations contained in the complaint, or the service of the summons or complaint. | For Court Use Only<br>File Date |
|---|---|

| I certify I have read and understand the above: | Signed *(Self-represented plaintiff)* | Date | Docket Number |
|---|---|---|---|

RETURN DATE: SEPTEMBER 13, 2022          :          SUPERIOR COURT

KATHLEEN PITTMAN                         :          J. D. OF NEW HAVEN

V.                                       :          AT NEW HAVEN

BOMBARDIER RECREATIONAL
     PRODUCTS, INC.
BRP US, INC.                             :          AUGUST 4, 2022

## COMPLAINT

1.     At all times relevant hereto, the defendant, BOMBARDIER

RECREATIONAL PRODUCTS, INC., was a foreign corporation doing business

in this State.

2.     At all times relevant hereto, the defendant, BRP US, INC., was a foreign

corporation doing business in this State.

3.     At all times relevant hereto, the defendant, BOMBARDIER

RECREATIONAL PRODUCTS, INC. and/or BRP US, INC. (hereinafter referred to as

defendants) owned, advertised and solicited a 3-wheel motorcycle riding course named

Can-Am Rider Education.

4.     On or about August 26, 2020, the plaintiff, KATHLEEN PITTMAN, was on

participating in the Can-Am Rider Education Course in North Haven, Connecticut.

5.     On or about August 26, 2020, plaintiff, KATHLEEN PITTMAN, was

participating in the Can-Am Rider Education Course with her motorcycle helmet on when suddenly and without warning, the instructor grabbed and twisted her head.

6. The injuries and losses of plaintiff, KATHLEEN PITTMAN, hereinafter described were caused by the negligence and carelessness of the defendants, its agents, servants and/or employees, in one or more of the following respects:

> (a) in that they knew or in the exercise of reasonable diligence should have properly hired, trained and/or supervised the Can-Am Rider Education Course;
>
> (b) in that they failed to warn the plaintiff;
>
> (c) in that they failed to develop policies to prevent harm to persons who signed up for the Can-Am Rider Education Course; and/or
>
> (d) in that they violated their policies, rules and regulations that are promulgated to keep the participates of the Can-Am Rider Education Course safe.

7. As a result of the negligence and carelessness of the defendants, its agents, servants and/or employees as aforesaid, the plaintiff, KATHLEEN PITTMAN, suffered and sustained the following injuries and losses, the effects of some or all of which are or may be permanent in nature, and all of which were accompanied by great pain, suffering and

anxiety:

     a)     Injuries to the cervical spine;

     b)     Injuries to the thoracic spine;

     c)     Headaches; and

     d)     Injuries to the contiguous muscles, ligaments, nerves, soft tissues, glands, bones and joints of the injured parts.

8.     As a result of the negligence and carelessness of the defendants its agents, servants and/or employees as aforesaid, the plaintiff, KATHLEEN PITTMAN, has incurred expenses for medical care and attention, including hospital care, surgery, physical therapy, prescriptions and the like and may in the future.

9.     As a result of the negligence and carelessness of the defendants, its agents, servants and/or employees as aforesaid, the plaintiff, KATHLEEN PITTMAN, has been and may hereafter be unable to perform the normal pursuits of her household and everyday life as she did prior to this occurrence.

10.     As a further result of the negligence and carelessness of defendants, its agents, servants and/or employees as aforesaid, the plaintiff, KATHLEEN PITTMAN, may have lost time from her employment and may continue to lose time from work all to her economic loss and detriment.

WHEREFORE, the plaintiff claims such damages as required by law and equity, including but not limited to special damages.

THE PLAINTIFF,
KATHLEEN PITTMAN

By:_____

William B. Wynne, Esq.
ADLER LAW GROUP
111 Founders Plaza, Suite 1102
East Hartford, CT 06108
Phone: (860) 282-8686
Fax:   (860) 282-8688
Juris No.: 428826

RETURN DATE: SEPTEMBER 13, 2022          :          SUPERIOR COURT

KATHLEEN PITTMAN                         :          J. D. OF NEW HAVEN

V.                                       :          AT NEW HAVEN

BOMBARDIER RECREATIONAL
    PRODUCTS, INC.
BRP US, INC.                             :          AUGUST 4, 2022

## STATEMENT OF AMOUNT OF DEMAND

The plaintiffs in the above-entitled action hereby claim damages in an amount in

excess of Fifteen Thousand ($15,000.00) Dollars, exclusive of interest and costs.

THE PLAINTIFF,
KATHLEEN PITTMAN


By: _____
      William B. Wynne, Esq.
      ADLER LAW GROUP
      111 Founders Plaza, Suite 1102
      East Hartford, CT 06108
      Phone: (860) 282-8686
      Fax:   (860) 282-8688
      Juris No.: 428826

OFFICER'S RETURN TO COURT

State of Connecticut )

        ) SS. Hartford      August 5, 2022

County of Hartford )

Then and by virtue hereof and by direction of the plaintiff's attorney, I made due and legal service upon the within named defendant, BOMBARDIER RECREATIONAL PRODUCTS, INC., by leaving two true and attested copies of the original **Writ, Summons and Complaint** at the Office of the Secretary of the State of Connecticut, 165 Capitol Avenue, Suite 1,000 in said Town of Hartford.

And afterwards on the 5th day of August, 2022, I made due and legal service upon the within named defendant, BRP US, INC. by leaving a true and attested copy of the original **Writ, Summons and Complaint** with and in the hands of Gary Scappini, who is authorized to accept service for CT Corporation System, Agent for Service, at 67 Burnside Avenue in said Town of East Hartford.

The within is the original **Writ, Summons and Complaint** with my doings thereon endorsed.

             Attest:

             Frederick E. DiNardi, Jr.
             Connecticut State Marshal
             Hartford County

Fees:
| | |
|---|---|
| Service | $80.00 |
| Travel | 20.00 |
| Pages | 45.00 |
| Endorsements | 4.80 |
| Sec. of State | 50.00 |
| TOTAL | $199.80 |



**State of Connecticut Judicial Branch**
## Superior Court Case Look-up



| | |
|---|---|
| **⟳ NNH-CV22-6125715-S** | **PITTMAN, KATHLEEN v. BOMBARDIER RECREATIONAL PRODUCTS, INC. Et Al** |
| **Prefix/Suffix:** [none] | **Case Type:** T90   **File Date:** 08/09/2022   **Return Date:** 09/13/2022 |

**Superior Court Case Look-up**
  Civil/Family
  Housing
  Small Claims

**Attorney/Firm Juris Number Look-up** ⧉

**Case Look-up**
  By Party Name
  By Docket Number
  By Attorney/Firm Juris Number
  By Property Address

**Short Calendar Look-up**
  By Court Location
  By Attorney/Firm Juris Number
  Motion to Seal or Close
  Calendar Notices

**Court Events Look-up**
  By Date
  By Docket Number
  By Attorney/Firm Juris Number

**Legal Notices**

**Pending Foreclosure Sales** ⧉

**Understanding**
**Display of Case Information**

**Contact Us**



**Comments**

| Case Detail | Notices | History | Scheduled Court Dates | E-Services Login | Screen Section Help ▶ |
|---|---|---|---|---|---|

To receive an email when there is activity on this case, click here. ⧉

**Information Updated as of:** 09/01/2022

| Case Information | |
|---|---|
| **Case Type:** | T90 - Torts - All other |
| **Court Location:** | NEW HAVEN JD |
| **List Type:** | No List Type |
| **Trial List Claim:** | |
| **Last Action Date:** | 08/09/2022  (The "last action date" is the date the information was entered in the system) |

| Disposition Information | |
|---|---|
| **Disposition Date:** | |
| **Disposition:** | |
| **Judge or Magistrate:** | |

| Party & Appearance Information | | | |
|---|---|---|---|
| **Party** | | **No Fee Party** | **Category** |
| **P-01  KATHLEEN PITTMAN** | | | Plaintiff |
| **Attorney:** ⟳ ADLER LAW GROUP LLC (428826)  File Date: 08/09/2022 | | | |
| 111 FOUNDERS PLAZA | | | |
| SUITE 1102 | | | |
| EAST HARTFORD, CT 06108 | | | |
| **D-01  BOMBARDIER RECREATIONAL PRODUCTS, INC.** | | | Defendant |
| Non-Appearing | | | |
| **D-02  BRP US, INC.** | | | Defendant |
| Non-Appearing | | | |

**Viewing Documents on Civil, Housing and Small Claims Cases:**

If there is an ⟳ in front of the docket number at the top of this page, then the file is electronic (paperless).

- Documents, court orders and judicial notices in electronic (paperless) civil, housing and small claims cases with a return date on or after January 1, 2014 are available publicly over the internet.* For more information on what you can view in all cases, view the Electronic Access to Court Documents Quick Card.

- For civil cases filed prior to 2014, court orders and judicial notices that are electronic are available publicly over the internet. Orders can be viewed by selecting the link to the order from the list below. Notices can be viewed by clicking the **Notices** tab above and selecting the link.*

- Documents, court orders and judicial notices in an electronic (paperless) file can be viewed at any judicial district courthouse during normal business hours.*

- Pleadings or other documents that are not electronic (paperless) can be viewed only during normal business hours at the Clerk's Office in the Judicial District where the

case is located.*

- An Affidavit of Debt is not available publicly over the internet on small claims cases filed before October 16, 2017.*

*Any documents protected by law Or by court order that are Not open to the public cannot be viewed by the public online And can only be viewed in person at the clerk's office where the file is located by those authorized by law or court order to see them.

| | | | Motions / Pleadings / Documents / Case Status | |
|---|---|---|---|---|
| Entry No | File Date | Filed By | Description | Arguable |
| | 08/09/2022 | P | SUMMONS 📝 | |
| | 08/09/2022 | P | COMPLAINT 📝 | |
| 100.30 | 08/09/2022 | P | RETURN OF SERVICE 📝 | No |

| | | Scheduled Court Dates as of 08/31/2022 | | |
|---|---|---|---|---|
| | | NNH-CV22-6125715-S - PITTMAN, KATHLEEN v. BOMBARDIER RECREATIONAL PRODUCTS, INC. Et Al | | |
| # | Date | Time | Event Description | Status |
| | | No Events Scheduled | | |

Judicial ADR events may be heard in a court that is different from the court where the case is filed.  To check location information about an ADR event, select the **Notices** tab on the top of the case detail page.

Matters that appear on the Short Calendar are shown as scheduled court events on this page. The date displayed on this page is the date of the calendar.

The status of a Short Calendar matter is not displayed because it is determined by markings made by the parties as required by the calendar notices and the civil⧉ standing orders. Markings made electronically can be viewed by those who have electronic access through the Markings History link on the Civil/Family Menu in E-Services. Markings made by telephone can only be obtained through the clerk's office. If more than one motion is on a single short calendar, the calendar will be listed once on this page. You can see more information on matters appearing on Short Calendars by going to the Civil/Family Case Look-Up⧉ page and Short Calendars By Juris Number⧉ or By Court Location⧉.

Periodic changes to terminology that do not affect the status of the case may be made.

This list does not constitute or replace official notice of scheduled court events.

**Disclaimer:** For civil and family cases statewide, case information can be seen on this website for a period of time, from one year to a maximum period of ten years, after the disposition date. If the Connecticut Practice Book Sections 7-10 and 7-11 give a shorter period of time, the case information will be displayed for the shorter period. Under the Federal Violence Against Women Act of 2005, cases for relief from physical abuse, foreign protective orders, and motions that would be likely to publicly reveal the identity or location of a protected party may not be displayed and may be available only at the courts.

Attorneys | Case Look-up | Courts | Directories | EducationalResources | E-Services | FAQ's | Juror Information | News & Updates | Opinions | Opportunities | Self-Help | Home

Common Legal Terms | Contact Us | Site Map | Website Policies

Copyright © 2022, State of Connecticut Judicial Branch

Page Created on 9/1/2022 at 12:08:16 PM

**<u>EXHIBIT B</u>**
**<u>PLANNED NOTICE TO STATE COURT OF REMOVAL</u>**
**<u>(WITHOUT EXHIBITS)</u>**

| | |
|---|---|
| Docket No. NNH-CV22-6125715-S | SUPERIOR COURT |
| KATHLEEN PITTMAN, | J.D. OF NEW HAVEN |
| Plaintiff | AT NEW HAVEN |
| v. | |
| BOMBARDIER RECREATIONAL PRODUCTS, INC. and BRP US, INC., | |
| Defendants. | SEPTEMBER 2, 2022 |

## NOTICE OF FILING AND SERVICE OF NOTICE OF REMOVAL

**TO THE JUDGES OF THE SUPERIOR COURT FOR THE STATE OF CONNECTICUT AND TO ALL PARTIES TO THE ACTION HEREIN:**

PLEASE TAKE NOTICE THAT, on September 2, 2022, Defendants Bombardier Recreational Products Inc. and BRP US Inc. have filed a notice of removal in the United States District Court for the District of Connecticut (the "District Court") seeking removal of the above-entitled action to the District Court.  Pursuant to 28 U.S.C. § 1446(d), Defendants have served on Plaintiff's counsel a notice containing copy of the Notice of Removal, including Exhibits A-B thereto.  A copy of the notice to Plaintiff's counsel and the exhibits thereto is attached hereto as Exhibit 1.

Respectfully submitted,

DEFENDANTS, BOMBARDIER
RECREATIONAL PRODUCTS INC. and BRP
US INC.

By:  /s/ Christopher A. Klimmek
     Christopher A. Klimmek, Esq.
     *cklimmek@daypitney.com*
     Hannah Kalichman, Esq.
     *hkalichman@daypitney.com*
     Day Pitney LLP
     242 Trumbull Street
     Hartford, CT 06103-1212
     Telephone:  (860) 275-0100

     *Their Attorneys*


## CERTIFICATE OF SERVICE

This is to certify that a copy of the foregoing has been e-mailed this day to all counsel of record:

William Wynne, Esq.
Adler Law Group, LLC
111 Founders Plaza
Suite 1102
East Hartford, CT 06108
*wwynne@adlerlawgroupllc.com*

                    /s/ Christopher A. Klimmek
                    Christopher A. Klimmek

-2-

**Exhibit 1**

## UNITED STATES DISTRICT COURT
## DISTRICT OF CONNECTICUT

| | |
|---|---|
| KATHLEEN PITTMAN,<br><br>                Plaintiff<br><br>         v.<br><br>BOMBARDIER RECREATIONAL PRODUCTS,<br>INC. and BRP US, INC.,<br><br>                Defendants. | CIVIL ACTION NO.:<br><br><br><br><br><br><br><br>SEPTEMBER 2, 2022 |

To:    William Wynne, Esq.
        Adler Law Group, LLC
        111 Founders Plaza
        Suite 1102
        East Hartford, CT 06108
        *wwynne@adlerlawgroupllc.com*

PLEASE TAKE NOTICE THAT, on September 2, 2022, Defendants Bombardier Recreational Products Inc. and BRP US Inc. have filed a notice of removal in the United States District Court for the District of Connecticut (the "District Court") seeking removal of the above-entitled action to the District Court.  Pursuant to 28 U.S.C. § 1446(d), a copy of the Notice of Removal, including Exhibits A-B thereto, is attached hereto as Exhibit 1.

DEFENDANTS, BOMBARDIER
RECREATIONAL PRODUCTS INC. and BRP
US INC.

By:  /s/ *Christopher A. Klimmek*
      Christopher A. Klimmek, Esq. (ct29977)
      *cklimmek@daypitney.com*
      Hannah Kalichman, Esq. (ct31291)
      *hkalichman@daypitney.com*
      Day Pitney LLP
      242 Trumbull Street
      Hartford, CT 06103-1212
      Telephone:  (860) 275-0100

      *Their Attorneys*


## CERTIFICATE OF SERVICE

I hereby certify that, on September 2, 2022, the foregoing notice was served by electronic and first-class mail on Plaintiff's counsel of record at the following address:

William Wynne, Esq.
Adler Law Group, LLC
111 Founders Plaza
Suite 1102
East Hartford, CT 06108
*wwynne@adlerlawgroupllc.com*

                              /s/ *Christopher A. Klimmek*
                              Christopher A. Klimmek